# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 08-CV-2041 (JFB)(WDW)

————————————

ANGEL LUIS RODRIGUEZ,

Plaintiff,

VERSUS

SUFFOLK COUNTY CORRECTIONAL FACILITY,

Defendant.

————————————

MEMORANDUM AND ORDER
January 27, 2009

————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Angel Luis Rodriguez ("plaintiff" or "Rodriguez") brought the above-captioned action against defendant Suffolk County Correctional Facility ("defendant" or "the County"),[1] alleging defendant improperly deprived him of necessary medical treatment while he was incarcerated at the Yaphank Correctional Facility, thus depriving him of his Eighth Amendment rights as guaranteed by 42 U.S.C. § 1983 ("Section 1983"). Plaintiff seeks a damages award of at least $500,000 for pain and suffering, as well as continuing treatment of his alleged injury.

Defendant now moves for an order dismissing plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, defendant's motion is denied.

---

[1] As a threshold matter, the Court notes that the Suffolk County Correctional Facility is an "administrative arm[]" of the municipal entity, the County of Suffolk, and thus lacks the capacity to be sued as a separate entity. *See, e.g., Caidor v. M & T Bank*, No. 5:05 Civ. 297, 2006 U.S. Dist. LEXIS 22980, at *6-*7 (N.D.N.Y. Mar. 27, 2006) ("'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'") (quoting *Hill v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)). As such, the Court will construe plaintiff's Complaint as lodged against the County of Suffolk.

## I. Facts

The following facts are taken from the Complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

On April 24, 2008, plaintiff was bitten by an insect while incarcerated at the Yaphank Correctional Facility in Yaphank, New York. (Compl. at 4.) Plaintiff filled out a request slip to see a medical professional but "never got call [sic]." (*Id.*) He spoke with a nurse at some point thereafter, who informed him that the bite was healing and provided no treatment other than a bandage. (*Id.*) On May 10, 2008, at 3:15 p.m., plaintiff, suffering from a fever, noticed that his left leg was swelling and spoke to a Correctional Officer at the facility about seeing a medical professional. (*Id.*) He was sent first to the medical wing at the facility and then transferred to Riverhead Hospital in Riverhead, New York. (*Id.*) At approximately 5:30 p.m., plaintiff's leg was black and blue with swelling and he was informed that it was infected. (*Id.*) Plaintiff was treated with an intravenous line of antibiotics and then released to the custody of the Suffolk County Sheriff's Department, who transferred him to the local correctional facility in Riverhead. (*Id.*) He was taken immediately to the medical ward to see a physician, who administered more antibiotics. (*Id.*) However, he received no further medication until 6:30 p.m. the next day. (*Id.*) Plaintiff was in pain and unable to walk.[2] (*Id.*)

---

[2] In his opposition to the motion, plaintiff also alleges that, after his transfer back to Yaphank Correctional Facility, plaintiff requested that the medical wing provide him with a cane or crutches to assist him in walking, but a nurse informed him that those implements were unnecessary. (Plaintiff's

## II. Procedural History

On May 16, 2008, plaintiff filed the instant action. Defendant moved to dismiss on August 5, 2008. Plaintiff filed his opposition on August 20, 2008.[3] Defendant replied on October 1, 2008. The Court has fully considered the submissions of the parties.

## III. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-

---

Opposition, at 2.) Plaintiff's leg is now discolored. (*Id.* at 3.)

[3] Plaintiff filed a document entitled "Affidavit/Affirmation," but the document also contains the phrase "Amended Complaint" at the top of the document. Although providing a few additional details, the document essentially repeats the allegations contained in the initial Complaint. The Court construes this document as an opposition to defendant's motion, rather than an Amended Complaint. As discussed *infra*, the Court concludes that the initial Complaint is sufficient to overcome defendant's motion to dismiss and, thus, an Amended Complaint is unnecessary at this juncture. If the Court has misconstrued plaintiff's intention, plaintiff can advise the Court in writing of such intention, and the Court will provide plaintiff with an opportunity to amend his Complaint.

58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), the Court may only consider "the facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Here, plaintiff did not append any documents to his Complaint or

incorporate any such documents by reference therein and, thus, the Court confines its review to the face of the Complaint.

## IV. DISCUSSION

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Here, pursuant to Section 1983, plaintiff claims that his Eighth Amendment rights[4] were violated when the County allegedly did not adequately address plaintiff's medical needs when he was bitten by an insect while incarcerated at the Yaphank Correctional Facility and suffered an infection as a result. The defendant now moves to dismiss the claim against it on the ground that plaintiff has failed to state a claim for "deliberate medical indifference" as a matter of law. For the reasons set forth below, after liberally reviewing the Complaint, accepting all of its

_____

[4] The Court is aware that "Eighth Amendment claims are only available to plaintiffs who have been convicted of a crime," *Hill v. Nieves*, No. 06 Civ. 8213, 2008 U.S. Dist. LEXIS 25911, at *15 (Mar. 31, 2008), and the Complaint does not state whether Rodriguez was convicted of a crime at the time of the incident in question. However, as courts routinely recognize, "[t]he rubric for evaluating deliberate indifference claims is the same under the Eighth and Fourteenth Amendments." *Id.* Thus, the Court applies the standard for Eighth Amendment deliberate indifference claims to evaluate Rodriguez's Complaint.

allegations as true, and construing them in the light most favorable to plaintiff, the Court concludes that the Complaint survives the motion to dismiss.

## A. Legal Standard

As the Second Circuit has explained,

> [t]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice."

*Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citations and quotation marks omitted); *see also Graham v. Poole*, 476 F. Supp. 2d 257, 259-60 (W.D.N.Y. 2007) ("For purposes of Eighth Amendment claims, the Supreme Court has drawn a 'distinction between mere negligence and wanton conduct . . . .'") (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)). Thus, according to the Second Circuit,

> [d]efendants may be held liable under § 1983 if they . . . exhibited deliberate indifference to a known injury, a known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of plaintiff's

deprivation of rights under the Constitution. Deliberate indifference is found in the Eighth Amendment context when a prison supervisor knows of and disregards an excessive risk to inmate health or safety . . . . Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.

*Ortiz v. Goord*, No. 06 Pr. 4622, 2008 U.S. App. LEXIS 9655, at *2 (2d Cir. May 5, 2008) (citations and quotation marks omitted); *see also Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) ("Deliberate indifference will exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *Curry v. Kerik*, 163 F. Supp. 2d 232, 237 (S.D.N.Y. 2001) ("'[A]n official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

In particular, the Second Circuit has set forth a two-part test for determining whether a prison official's actions or omissions rise to the level of deliberate indifference:

> The test for deliberate indifference is twofold. First,

the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes*, 84 F.3d at 620; *see also Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002) (setting forth two-part test articulated in *Hayes*).

Within this framework, "[d]eliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment, in violation of the Eighth Amendment, as made applicable to the states through the Fourteenth Amendment." *Bellotto v. County of Orange*, No. 06 Pr. 1185, 2007 U.S. App. LEXIS 19848, at *7 (2d Cir. Aug. 21, 2007). The Second Circuit has provided further guidance in analyzing claims of "deliberate indifference" to a prisoner's medical needs:

> To establish an Eighth Amendment claim for medical indifference, [a plaintiff] must prove that defendants were deliberately indifferent to a serious medical need. To satisfy this standard, [a plaintiff] must prove both objective and subjective elements. Objectively,

the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists. Subjectively, the charged official must act with a sufficiently culpable state of mind.

*Fox v. Fischer*, No. 05 Pr. 4440, 2007 U.S. App. LEXIS 17316, at *1-*2 (2d Cir. July 20, 2007) (citations and quotation marks omitted).

Specifically, in *Salahuddin v. Goord*, the Second Circuit set forth in detail the requirements of these two elements of a medical indifference claim. 467 F.3d 263 (2d Cir. 2006); *see also, e.g., Jones v. Westchester County Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008) (applying *Salahuddin* test to medical indifference claim). In particular, with respect to the first, objective element, the Second Circuit explained in *Salahuddin*:

> The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious. Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Determining whether a deprivation is an objectively serious deprivation entails two inquiries. The first inquiry is whether the prisoner was actually deprived of adequate medical care. As the Supreme Court has noted, the prison

official's duty is only to provide reasonable care. Thus, prison officials who act reasonably [in response to an inmate-health risk] cannot be found liable under the Cruel and Unusual Punishments Clause, and, conversely, failing to take reasonable measures in response to a medical condition can lead to liability.

Second, the objective test asks whether the inadequacy in medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner. For example, if the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious. Factors relevant to the seriousness of a medical condition include whether a reasonable doctor or patient would find [it] important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain. In cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower. For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone. Thus, although we sometimes speak of a serious medical condition as the basis for an Eighth Amendment claim, such a condition is only one factor in determining whether a deprivation of adequate medical care is sufficiently grave to establish constitutional liability.

467 F.3d at 279-80 (citations and quotation marks omitted); *see also Jones*, 557 F. Supp. 2d at 413-14 ("Initially, the Court must determine whether the inmate was actually denied adequate care. Prison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is reasonable. Second, if the care provided was unreasonable, courts must inquire as to whether that inadequacy was sufficiently serious . . . . This analysis requires an examination both of the harm already caused to the prisoner and the likelihood that harm will continue or increase without additional treatment. Thus, the seriousness inquiry will vary based on the nature of the treatment provided and the claim asserted by the inmate.") (citations and quotation marks omitted).

With respect to the second, subjective component, the Second Circuit further explained:

The second requirement for an Eighth Amendment violation is

subjective: the charged official must act with a sufficiently culpable state of mind. In medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health. Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result. Although less blameworthy than harmful action taken intentionally and knowingly, action taken with reckless indifference is no less actionable. The reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result. Rather, proof of awareness of a substantial risk of the harm suffices. But recklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.

*Salahuddin*, 467 F.3d at 280 (citations and quotation marks omitted); *see also Jones*, 557 F. Supp. 2d at 414 ("The second component is subjective, and requires that the prison official involved act with a sufficiently culpable state of mind. This is satisfied by a showing that the

official acted with deliberate indifference toward Plaintiff's health, a state of mind akin to criminal recklessness. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result.") (citations and quotation marks omitted). The Supreme Court has stressed that

in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (internal citations omitted); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act by

the prison doctor that evinces a conscious disregard of a substantial risk of serious harm.") (internal quotations omitted); *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000) (a medical practitioner who "delay[s] . . . treatment based on a bad diagnosis or erroneous calculus of risks and costs" does not evince the culpability necessary for deliberate indifference).

## B. Application

Here, the Court has liberally construed Rodriguez's Complaint – taking all of its allegations as true and construing them in the light most favorable to plaintiff – and, for the reasons set forth below, declines to conclude at this juncture as a matter of law that he has failed to state a claim under Section 1983 for deliberate medical indifference against the County.

In particular, the Court declines to conclude at the motion to dismiss stage, as a matter of law, that Rodriguez's injury was not serious enough to warrant a greater degree of medical care than he received or that the County did not act recklessly by allegedly failing to provide this greater degree of care. Specifically, as stated *supra*, plaintiff alleges that a medical practitioner at Yaphank Correctional Facility refused to treat him for an insect bite to his leg and, due to lack of treatment, the bite became infected and resulted in fever, swelling and pain, which then required treatment at an outside medical facility. Plaintiff further alleges that he did not receive proper medical care when he returned to the prison, including a failure to receive his prescribed medication in a timely manner.

Defendant correctly notes that a mere mistaken diagnosis does not constitute a legal basis for a "deliberate indifference claim" and does not run afoul of the protections afforded to plaintiff by the Eighth Amendment. However, construing the complaint in the light most favorable to the plaintiff, the Court concludes that plaintiff has adequately alleged that defendant personnel could have acted with culpable recklessness when they allegedly initially deprived him of treatment for the bite, as well as allegedly failing to provide the necessary medical care (including antibiotics) in the aftermath of his hospital stay, as there could have been substantial risk inherent in such acts that was disregarded. At this stage in the pleadings, Federal Rule of Civil Procedure 8(a) states that plaintiff *pro se* need only provide the Court with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court finds that plaintiff *pro se* has satisfied this burden and thus has adequately plead a plausible claim of "deliberate medical indifference" under Section 1983.

As the Second Circuit has explicitly observed, a "prisoner who nicks himself shaving obviously does not have a constitutional right to cosmetic surgery. But if prison officials deliberately ignore the fact that a prisoner has a five-inch gash on his cheek that is becoming infected, the failure to provide appropriate treatment might well violate the Eighth Amendment." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Under the circumstances of this case, therefore, the Court declines to conclude as a matter of law at the motion to dismiss stage that plaintiff's alleged insect bite and subsequent infection did not warrant a greater degree of medical care than he allegedly received or that defendant's personnel did not act recklessly by failing to provide him with such a higher degree of care. *See Chance*, 143 F.3d at 703-04 (reversing district court's dismissal of medical indifference claim at 12(b)(6) stage because "[w]hether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends

on the facts of the case . . . . It may be that Chance has no proof whatsoever of this improper motive, and that lack of proof may become apparent at summary judgment. But even if we think it highly unlikely that Chance will be able to prove his allegations, that fact does not justify dismissal for failure to state a claim, for Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations . . . .") (citations and quotation marks omitted); *Jones*, 557 F. Supp. 2d at 417 ("Whatever the ultimate merits of Plaintiff's claim, Defendants have jumped the gun by filing a pre-answer motion to dismiss. Many of the material questions in this case, such as, 'What care is reasonable in these circumstances,' and 'What was the Defendants' mental state when the surgery was refused,' are not ripe for adjudication on the basis of the complaint and its appended materials. It may become clear, at summary judgment or at some later stage in the litigation, that these claims are not adequately supported. But at the 12(b)(6) stage, we must accept the plaintiff's allegations as true . . . .") (citation and quotation marks omitted); *Ahart v. Willingham*, No. 3:05 Civ. 1016, 2007 U.S. Dist. LEXIS 19040, at *11-*12 (D. Conn. Mar. 15, 2007) (denying motion to dismiss medical indifference claim where plaintiff allegedly complained to prison officials of blurry vision and headaches and defendants allegedly failed to diagnose and treat plaintiff's glaucoma); *see generally Odom v. Kerns*, No. 99 Civ. 10668, 2008 U.S. Dist. LEXIS 47336, at *23 (S.D.N.Y. June 18, 2008) (denying summary judgment to defendants on medical indifference claims where plaintiff alleged "scrapes and cuts" that "could have (and did) become infected," even though "there is no evidence that the cuts would inhibit Plaintiff's daily activities or that he would be in chronic pain"). Of course, the Court's conclusion that the claim survives a motion to dismiss does not preclude the County from moving for summary judgment, after discovery has been conducted regarding the nature of the alleged injury and the medical care provided, if it believes that the evidence does not support the claim proceeding to trial.

## V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is denied. The parties shall proceed with discovery under the direction of Magistrate Judge William D. Wall.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:     January 27, 2009
           Central Islip, NY

* * *

Plaintiff is representing himself *pro se*: Angel Luis Rodriguez, Suffolk County Correctional Facility, 110 Centre Drive, Riverhead, New York 11901. The attorney for the defendant is Brian C. Mitchell, Suffolk County Department of Law, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788.